UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Donald Earl Eaddy, ) | Civil Action No.: 5:13-cv-2692-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Pamela Derrick; Thomas Byrne, M.D.; ) | |
| John and Jane Does; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, Donald Earl Eaddy, currently incarcerated at Allendale Correctional Institution in Fairfax, South Carolina and proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging Defendants acted with deliberate indifference toward his medical needs which amounted to cruel and unusual punishment. Pending before the Court is Defendants' [Docket Entry #36] motion for summary judgment. Also pending is Plaintiff's [Docket Entry #40] motion to dismiss Defendants' motion for summary judgment.

This matter is before the court with the Report and Recommendation [Docket Entry #45] of Magistrate Judge Kaymani D. West filed on September 19, 2014.[1] The Magistrate Judge recommended that Defendants' motion for summary judgment be granted and the case dismissed. Plaintiff timely filed Objections [Docket Entry #49] to the Magistrate Judge's Report and Recommendation.

---

[1] This matter was referred to Magistrate Judge West pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2).

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Once the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, unsupported speculation, or conclusory allegations to defeat a motion for summary judgment. *See Baber*, 977 F.2d at 875. Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

## Discussion

Plaintiff is, according to the medical records, a paraplegic and suffers from spastic paraparesis and other spinal injuries and, as a result, experiences significant neck, back, and leg pain. Plaintiff alleges that Defendants Byrne and Derrick acted with deliberate indifference to his serious medical need by denying his request for the surgical implantation of a baclofen pump and by failing to refer him to a neurologist for leg pain allegedly caused by lower back nerve damage.

Plaintiff also alleges Defendant Byrne was deliberately indifferent by allowing Plaintiff's condition to worsen and failing to order an MRI to isolate specific areas of Plaintiff's injury. Plaintiff also alleges Defendant Byrne has refused to provide him with therapy or order a brace since his feet are somewhat crooked.[2]

To state a claim for relief under the Eighth Amendment, the plaintiff must establish that a prison official was deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To be deliberately indifferent, a defendant must know of and disregard an objectively serious condition, medical need, or risk of harm. *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his or her position. *Miltier*, 896 F.2d at 852-53. Disagreements as to prescribed treatment between the prisoner and physician are not sufficient to state a constitutional claim, unless exceptional circumstances are alleged. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Furthermore, medical malpractice or

---

[2] In his Objections to the Report and Recommendation of the Magistrate Judge, Plaintiff does not reference his claims regarding the alleged failure to order therapy or a brace, failure to order an MRI, or failure to refer Plaintiff to a specialist. Rather, Plaintiff's Objections focus solely on the denial of "a surgery that was schedule[d] by another doctor before the Plaintiff came to Allendale C.I." [Objections, Docket Entry #49, at pg. 4]. To the extent Plaintiff intended to pursue claims related to the alleged failure to order therapy, a brace, MRI, or refer Plaintiff to a specialist, Plaintiff fails to raise a genuine issue of material fact as to whether Defendants were deliberately indifferent to a serious medical need. Specifically with regard to Plaintiff's request that he be sent to Kirkland CI to see an orthopedic doctor to be fitted for a shoe brace, which his father was willing to pay for, Defendants acknowledged the request but made the determination that a shoe brace was not medically necessary. "Dr. Byrne does not feel that you need to be referred to a specialist to have a brace made for you. . . You do have the option of pursuing outside elective care at your own expense. . ." [Medical Records, Docket Entry #41-3, at pg. 49].

4

negligence in diagnosis or treatment is not sufficient to form the basis of a constitutional claim. *Estelle v. Gamble*, 429 U.S. 97, 105-06; *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998).

A review of the record reveals that Plaintiff's claims amount to nothing more than disagreements between Plaintiff and Defendants as to the proper course of treatment for Plaintiff's medical conditions. Viewing the evidence in the light most favorable to Plaintiff, it is clear that Plaintiff has received extensive medical treatment from Defendants. Plaintiff's chief complaint is that Defendant Byrne declined to approve a surgery to install a baclofen pump. Defendant Byrne indicated in his affidavit that the surgery was not medically necessary but was instead an elective procedure to assist with symptom management. [Affidavit of Thomas Byrne, M.D., Docket Entry #36-3]. Because of the high cost of the procedure and the excessive maintenance of the device after installation, Dr. Byrne determined the pump was not the best treatment option for the prison environment. *Id*. As an alternative to the baclofen pump, Defendant Byrne prescribed oral baclofen at the maximum dosage, which is the same medicine that would be administered through a pump. *Id*.

Although prison officials have an obligation to provide medical care for those whom it is punishing by incarceration, the care provided need not be the best possible care; the medical care provided only has to be "reasonable" care. *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir.1977); *see also Blanks v. Cunningham*, 409 F.2d 220 (4th Cir.1969); *Edwards v. Duncan*, 355 F.2d 993 (4th Cir.1966). The mere failure to treat all medical problems to a prisoner's satisfaction, even if actual medical malpractice is involved, is insufficient to support a claim under § 1983. *Sosabee v. Murphy*, 797 F.2d 179 (4th Cir.1986). Plaintiff's dissatisfaction with Defendants' treatment, or disagreement

with the decision not to surgically implant a baclofen pump, as opposed to the oral baclofen prescription, is insufficient to state a constitutional violation under 42 U.S.C. § 1983.

Plaintiff has failed to set forth sufficient facts to create a genuine issue of material fact as to whether Defendants knew of and disregarded Plaintiff's serious medical needs.[3]  Accordingly, Defendants are entitled to summary judgment on Plaintiff's claims of deliberate indifference to serious medical needs brought under 42 U.S.C. § 1983.[4]  To the extent Plaintiff has alleged any state law claims, the Court declines to exercise jurisdiction under 28 U.S.C. § 1367(c)(3).

## **Conclusion**

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case.  The court has reviewed Plaintiff's objections and finds that they are without merit.  The court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #45] of the Magistrate Judge.  Accordingly, Defendants' [Docket Entry #36] motion for summary judgment is **GRANTED** and the Plaintiff's claims brought under 42 U.S.C. § 1983 are hereby **DISMISSED with prejudice.**  Pursuant to 28 U.S.C. § 1367(c),

---

[3] Plaintiff did not file an objection to the Magistrate Judge's recommendation that John and Jane Does be dismissed from this case.  In the absence of objections, the Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge.  *Camby*, 718 F.2d at 199.  Nevertheless, to the extent Plaintiff intended to pursue any claims against John and Jane Doe, Plaintiff has not raised any specific allegations against John or Jane Doe, nor has he detailed any facts that show any personal involvement of these fictitious party defendants.  Accordingly, John and Jane Does are entitled to summary judgment along with Defendants Derrick and Byrne.

[4] In light of the Court's finding that Plaintiff has failed to set forth sufficient facts to create a genuine issue of material fact as to whether Defendants knew of and disregarded Plaintiff's serious medical needs, it is not necessary to address Defendants' claims of qualified immunity or absolute immunity under the Eleventh Amendment to the Constitution.

Plaintiff's state law claims, if any, are **DISMISSED without prejudice** for lack of subject matter jurisdiction.[5]  Plaintiff's [Docket Entry #40] motion to dismiss is **DENIED as moot**.

     **IT IS SO ORDERED.**


Florence, South Carolina                                     s/ R. Bryan Harwell
December 3, 2014                                          R. Bryan Harwell
                                                                               United States District Judge

---

[5] Under 28 U.S.C. § 1367(d), the period of limitations on Plaintiff's state law claims "shall be tolled while the claim is pending [in this court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." *Id*.